**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| SMART MOBILE TECHNOLOGIES LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 6:21-cv-00701 |
| SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC., | **JURY TRIAL DEMANDED** |
| Defendants. | |

## <u>DEFENDANTS' OPPOSED MOTION FOR TRANSFER UNDER SECTION 1404(a)</u>

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      INTRODUCTION ........................................................................................................ 1

II.     BACKGROUND ......................................................................................................... 2

III.    ARGUMENT .............................................................................................................. 3

        A.      This Case Should Be Transferred Pursuant to Section 1404(a) ............................. 3

        B.      This Case Could Have Been Brought in NDCA ....................................................... 4

        C.      NDCA is the Most Convenient Forum for This Case ............................................... 4

                1.      The Ease Of Access To Sources Of Proof Favors NDCA .......................... 4

                2.      The Availability Of Compulsory Process Favors NDCA ........................... 7

                3.      The Willing Witnesses' Cost Of Attendance Favors NDCA ..................... 9

                4.      The Other Practical Considerations Factor Favors NDCA ...................... 11

                5.      The Administrative Difficulties Flowing From Court Congestion Is
                        Neutral ............................................................................................................... 12

                6.      The Local Interest Favors NDCA ............................................................ 12

                7.      The Familiarity With The Law Factor Is Neutral .................................... 14

                8.      The Conflicts Of Law Factor Is Neutral .................................................. 14

IV.     CONCLUSION ........................................................................................................... 14

## **TABLE OF AUTHORITIES**

**Cases**                                                                                    **Page(s)**

*In re Acer Am. Corp.*,
   626 F.3d 1252 (Fed. Cir. 2010).............................................................................7

*ACQIS LLC v. EMC Corp.*,
   67 F. Supp.3d 769 (E.D. Tex. 2014).....................................................................13

*Action Indus., Inc. v. U.S. Fid. & Guar. Co.*,
   358 F.3d 337 (5th Cir. 2004) ...............................................................................3

*Alacritech Inc. v. CenturyLink, Inc.*,
   No. 2:16-CV-00693-JRG-RSP, 2017 WL 4155236 (E.D. Tex. Sept. 19, 2017)......................9

*Correct Transmission LLC v. ADTRAN, Inc.*,
   No. 6:20-CV-00669-ADA, 2021 WL 1967985 (W.D. Tex. May 17, 2021) ..........................11

*DataQuill, Ltd. v. Apple, Inc.*,
   A-13-CA-706-SS, 2014 WL 2722201 (W.D. Tex. June 13, 2014) ...................................2, 11

*In re Dish Network LLC*,
   No. 21-182 (Fed. Cir. Oct. 21, 2021).......................................................................2

*DynaEnergetics Eur. GMBH v. Hunting Titan, Inc.*,
   No. 6:20-CV-00069-ADA, 2020 WL 3259807 (W.D. Tex. June 16, 2020) ..........................11

*In re Genentech, Inc.*,
   566 F.3d 1338 (Fed. Cir. 2009).............................................................................7, 9

*In re Google*,
   No. 21-171 (Fed. Cir. Oct. 6, 2021).....................................................................6, 9, 14

*HD Silicon Solutions LLC v. Microchip Techn. Inc.*,
   No. W-20-CV-01092-ADA, 2021 WL 4953884 (W.D. Tex. Oct. 25, 2021)
   (Albright, J.).................................................................................................13

*In re Hoffman–La Roche, Inc.*,
   587 F.3d 1333 (Fed. Cir. 2009).............................................................................12

*InfoGation v. Google, Inc.*,
   No. 20-cv-366-ADA (W.D. Tex. Apr. 29, 2021), Dkt. No. 65.............................................9

*In re Pandora Media LLC*,
   No. 21-172 (Fed. Cir. Oct. 13, 2021)....................................................................7, 11

*In re Samsung Elecs. Co., Ltd.*,
   2 F.4th 1371 (Fed. Cir. 2021) ........................................................................ *passim*

*Scorpcast LLC v. MG Freesites Ltd.*,
    No. 6:20-cv-877-ADA (W.D. Tex. June 21, 2021), Dkt. No. 56 ..............................................7

*SynKloud Techs., LLC v. Dropbox, Inc.*,
    No. 6:19-CV-00525-ADA, 2020 WL 2494574 (W.D. Tex. May 14, 2020) ............................9

*In re TracFone Wireless, Inc.*,
    852 F. App'x 537 (Fed. Cir. 2021) ..................................................................................9

*In re Volkswagen AG*,
    371 F.3d 201 (5th Cir. 2004) ......................................................................3, 4, 9, 10

*In re Volkswagen of Am., Inc.*,
    545 F.3d 304 (5th Cir. 2008) ....................................................................3, 10, 14

*In re Zimmer Holdings, Inc.*,
    609 F. 3d 1378 (Fed. Cir. 2010)....................................................................13

**Statutes**

28 U.S.C. § 1391(c)(3)........................................................................................4

28 U.S.C. § 1400(b) ...........................................................................................4

28 U.S.C. § 1404(a) ........................................................................................1, 3

## I.       INTRODUCTION

The Western District of Texas ("WDTX") has no relationship to this case and thus the case does not belong here.  Pursuant to 28 U.S.C. § 1404(a), therefore, Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively, "Samsung") seek transfer of this action to the Northern District of California ("NDCA") where the overwhelming majority of U.S. based connections to the infringement allegations are located. The private and public interest factors courts deem most important—convenience for witnesses, particularly third-party witnesses, compulsory process for third parties, and the location of evidence—all favor transfer.  Indeed, the Federal Circuit recently held that transfer was warranted under similar circumstances. *See In re Samsung Elecs. Co., Ltd.*, 2 F.4th 1371, 1381 (Fed. Cir. 2021) (reversing denial of transfer motion where "many identified sources of proof and likely witnesses are in Northern California and none in the Western District of Texas").

Transfer to NDCA is substantially more convenient than proceeding in WDTX.  While Plaintiff Smart Mobile Technologies LLC ("Smart Mobile") alleges infringement against mobile devices sold by Samsung, Smart Mobile's infringement allegations are directed at functionality either largely developed and maintained by third-party Google in NDCA (*e.g.*, Smart Network Switching and Download Booster) or researched, developed, and maintained primarily in Korea by SEC (*e.g.*, Intelligent Wi-Fi, Wi-Fi Calling, Wi-Fi/LTE protocols and MIMO, MPTCP, native video calling, and OFDMA/SC-FDMA), and not in WDTX.   Smart Mobile's infringement contentions further accuse Google's Hangouts and Duo applications as infringing features for at least five asserted patents. ***None*** of the accused devices or functionalities were developed in WDTX, and Smart Mobile does not allege otherwise.   Nor does Smart Mobile's complaint distinguish between infringement in WDTX and infringement elsewhere in the United States. *In re Samsung*, 2 F.4th at 1373-74.  Moreover, all of the named inventors (or their representatives)

of the twelve asserted patents reside in NDCA, as do the assignees and their known employees. Most of the prosecuting attorneys are also in NDCA. Judicial economy likewise favors transfer given Apple's request to transfer Smart Mobile's related case against it to NDCA. *See* No. 6:21-cv-00603-ADA, Dkt. No. 29.

Because the locations of the parties, third parties, and evidence in NDCA strongly favor transfer, this action should be transferred to NDCA. *In re Dish Network LLC*, No. 21-182 (Fed. Cir. Oct. 21, 2021) ("As in *Samsung*, *Apple*, and *Juniper*, the center of gravity of this patent infringement action is clearly in [California], not in Western Texas.").

## II.    BACKGROUND

On July 2, 2021, Smart Mobile filed its complaint against Samsung—less than twelve months after Smart Mobile formed as a Delaware limited liability company. (Ex. 1.) Although Smart Mobile alleges it has a place of business in Austin, Smart Mobile is not registered to do business in Texas. (Crisler Decl., ¶ 2.) Moreover, Smart Mobile's purported place of business in Austin (*see* Dkt. No. 1 ("Compl."), ¶ 16), is a generic co-working space with virtual office options. (Ex. 2.) Smart Mobile's complaint thus does not assert any legitimate connections or activity specific to WDTX. Nor does Samsung have any facilities in WDTX or any other relevant ties to WDTX. SEA does, however, have facilities in NDCA that house over 200 regular full-time employees. (*See id.*, ¶¶ 5-7.) SEA is a wholly-owned subsidiary of SEC incorporated in New York and based in New Jersey. (*Id.*) And Smart Mobile's complaint admits that "SEC is a corporation organized under the laws of South Korea." (Compl. ¶ 17.)

On January 12, 2022, Smart Mobile served its infringement contentions on Samsung. Smart Mobile alleges that a number of Galaxy mobile devices sold by Samsung infringe twelve

patents purportedly assigned to Smart Mobile.[1] (*See, e.g.*, Compl., ¶¶ 34-40.)  In particular, Smart Mobile's infringement allegations focus on various functionality allegedly implemented on Samsung's devices including, for example: Google Hangouts and Duo applications, Smart Network Switching/Adaptive Wi-Fi, Intelligent Wi-Fi, Wi-Fi Calling, Download Booster, Wi-Fi/LTE protocols and MIMO, multipath TCP, native video calling, OFDMA/SC-FDMA, and carrier aggregation. (*See, e.g.*, *id.*)  As discussed below, and as best Samsung can understand Smart Mobile's allegations, these features are either implemented through Google's HTTP stack code or developed primarily by SEC in Korea. (Turpin Decl., ¶ 10.)

## III.    ARGUMENT

### A.    This Case Should Be Transferred Pursuant to Section 1404(a)

The Court should transfer the action to NDCA pursuant to Section 1404(a).  Under Section 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) ("*Volkswagen II*") (quoting 28 U.S.C. § 1404(a)).

"The determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004).  The private factors include: (1) relative ease of access to sources of proof; (2) availability of compulsory process to secure witnesses' attendance; (3) willing witnesses' cost of attendance; and (4) all other practical considerations that make a trial easy, expeditious, and inexpensive. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)

---

[1]    The twelve patents are U.S. Patent Nos. 8,442,501; 8,472,936; 8,472,937; 8,761,739; 8,824,434; 8,842,653; 9,019,946; 9,049,119; 9,084,291; 9,191,083; 9,614,943; 9,756,168.

("*Volkswagen*").  The public factors include: (1) administrative difficulties flowing from court congestion; (2) the local interest in having local issues decided at home; (3) the forum's familiarity with the governing law; and (4) avoidance of unnecessary conflict of law problems involving foreign law's application. *Id.*

### B.   This Case Could Have Been Brought in NDCA

A patent infringement case may be brought in "the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).  SEA has a number of facilities located in California—including those in Mountain View, Playa Vista, Irvine, Rancho Dominguez, Cerritos, and San Diego—and has over 520 full-time employees in California. (Turpin Decl., ¶ 6.) Additionally, SEC is a foreign corporation, so venue is proper in any district, including NDCA. 28 U.S.C. § 1391(c)(3).  Smart Mobile thus could have properly filed this case in NDCA. *In re Samsung*, 2 F.4th at 1379 (holding in a case filed against SEC and SEA in WDTX that the plaintiff "could have filed suit in the Northern District of California").

### C.   NDCA is the Most Convenient Forum for This Case

#### 1.   *The Ease Of Access To Sources Of Proof Favors NDCA*

Smart Mobile's infringement claims implicate numerous sources of evidence located in NDCA.  In fact, the most knowledgeable Smart Mobile witnesses live and work in NDCA. Sunil K. Rao and Sanjay K. Rao, inventors on all of the Patents-in-Suit,[2] are located in Palo Alto, California (within NDCA). (*See* Exs. 3, 4.)  Moreover, the assignees in the patents' chains of title are also located in NDCA.  IP Holdings, Inc. ("IP Holdings"), the original assignee on all of the

---

[2]   On information and belief, the third inventor of the asserted patents, Raman K. Rao, is now deceased. (Ex. 12.) His last known address was also in NDCA. (*See, e.g.*, Compl., Exs. A-L; Ex. 12.)  Rekha K. Rao is listed as Raman K. Rao's legal representative. (*See, e.g.*, Ex. 11.)

patents, and Smart Mobile, Inc., the next assignee before Plaintiff Smart Mobile, are both headquartered in NDCA. (*See* Exs. 6, 13.)  And the Smart Mobile Inc. assignments identify the same correspondent email as IP Holdings (patent@**ipholdings**.com) which is, again, located in NDCA. (Exs. 5M-5X.)  IP Holdings' Chief Executive Officer, Rekha K. Rao, is likewise listed as located in NDCA.[3] (*See, e.g.*, Exs. 7, 8.)  Rekha K. Rao also participated in prosecution of the patents, including by submitting a majority of the original applications (Ex. 9) as well as signing correspondence to the Patent Office, including an office action response (Exs. 10, 11).  In addition, all of the attorneys involved in drafting and prosecuting the asserted patents are located in NDCA, with one exception who is located a short distance away in San Francisco, California. (Crisler Decl., ¶ 3.)

And, although Smart Mobile purports to maintain a principal place of business in Austin, its presence in WDTX is "ephemeral, and a construct for litigation and appear[s] to exist for no other purpose than to manipulate venue . . . in anticipation of litigation." *In re Samsung*, 2 F.4th at 1378.  Smart Mobile's purported place of business (*see* Compl., ¶ 16) is a generic co-working space with virtual office options. (Ex. 2.)  Outside of this transient office space, Smart Mobile has no discernible ties to Texas.  Indeed, Smart Mobile is not even registered to do business in Texas, nor does Smart Mobile appear to have any employees in WDTX. (Crisler Decl., ¶ 2; Ex. 15.)  Moreover, Smart Mobile only recently acquired the asserted patents on November 12, 2020. (Ex. 6.)  By contrast, the former assignees of the patents (*i.e.*, IP Holdings and Smart Mobile, Inc.) collectively owned the patents for at least twenty-four years.  These entities—not Smart Mobile—

---

[3]  Named inventor Sanjay K. Rao also appears to be an employee of IP Holdings. (Ex. 10 (listing email for Sanjay K. Rao as sanjayrao@**ipholdings**.com).)

were located in NDCA[4] for the duration of their ownership and likely have most, if not all, of the information relevant to the patents, including information concerning their prosecution, prior art, and financial information related to assignments and licenses.

Likewise, other relevant sources of evidence are located in NDCA.  Several of the accused functionalities are directed at technology provided by Google, including, for example, the Google Hangouts and Duo applications identified in Smart Mobile's infringement contentions.  It is well-known that Google is headquartered in Mountain View, California (within NDCA). (Ex. 16.)  Likewise, SEA has facilities in Mountain View with over 200 employees. (Turpin Decl., ¶ 7.)

Conversely, there are no relevant sources of proof in WDTX. *See In re Google*, No. 21-171, at 15 (Fed. Cir. Oct. 6, 2021) (reversing denial of transfer to NDCA where "there is nothing at all that ties this case to the Western District of Texas: no witnesses reside there; no evidence is present there; and none of the conduct giving rise to this action took place there").  Smart Mobile alleges that SEC is a corporation founded under the laws of Korea with its principal place of business in South Korea. (Compl., ¶ 17.)  SEA is a corporation formed under the laws of New York with its principal place of business in New Jersey. (Turpin Decl., ¶ 2.)  And, aside from Smart Mobile's conclusory allegation that SEC and SEA have a "regular and established place of business" in Austin, Smart Mobile's complaint does not allege that SEC or SEA have any facilities in WDTX, let alone any facilities relevant to this action.  That is because SEC and SEA have no facilities of any kind in WDTX. (*Id.*, ¶¶ 6, 8.)  Samsung is not aware of any relevant business documents or records concerning the accused functionalities that are kept in WDTX, and Smart Mobile has not identified any such records. (*See id.*)  Moreover, the Complaint alleges that Global

---

[4]   IP Holdings is still located in Palo Alto, California, at least as of September 30, 2021. (Ex. 35.)  Smart Mobile Inc.'s entity status in California is currently suspended by the Franchise Tax Board for failure to meet tax requirements. (See Ex. 36.)

Technology Transfer Group, Inc. ("GTT"), contacted "Samsung . . . to solicit interest in acquiring the Smart Mobile Portfolio." (Compl., ¶ 31.) Evidence related to these allegations is likely located in Portland, Oregon, where GTT is headquartered. (Ex. 17.)

Comparing the numerous sources of proof in NDCA with the complete absence of such sources in WDTX, the ease of access to evidence factor weighs strongly in favor of proceeding in NDCA. *See Scorpcast LLC v. MG Freesites Ltd.*, No. 6:20-cv-877-ADA (W.D. Tex. June 21, 2021), Dkt. No. 56 at 6 ("The ease of access to the sources of proof clearly favors [transfer] as [the defendant] is the accused infringer and will likely have the bulk of the documents relevant in this case, which reside in Montreal.").

### 2.     *The Availability Of Compulsory Process Favors NDCA*

Transfer to NDCA brings certain material non-party witnesses within the subpoena power of NDCA for both deposition and trial, which is not the case in WDTX. *See In re Acer Am. Corp.*, 626 F.3d 1252, 1255 (Fed. Cir. 2010) ("[A] venue's ability to compel testimony through subpoena power is . . . an important factor," and may be "invaluable."); *In re Samsung*, 2 F.4th at 1379 ("[B]ecause these potential witnesses reside in Northern California, transfer ensures that the transferee court could compel these individuals to appear."). Subpoena power over non-party witnesses "weighs in favor of transfer, and not only slightly." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009).

As discussed above, the vast majority of third-party witnesses who are likely to testify reside in NDCA. *See In re Pandora Media LLC*, No. 21-172 at 6 (Fed. Cir. Oct. 13, 2021) (citing *In re Hulu LLC*, No. 2021-142, 2021 WL 3278194, at *4 (Fed. Cir. Aug. 2, 2021) (compulsory process factor favors transfer "with-out a showing of unwillingness for each witness"). Named inventors Sunil K. Rao and Sanjay K. Rao, for example, are located in NDCA. The attorneys involved in drafting and prosecuting the asserted patents are almost all located in NDCA. To the

extent Smart Mobile maintains its current allegations, Google employees located in NDCA are likely to have information relevant to this case, such as technical material concerning the accused Google Hangouts and Duo applications, and the accused Smart Network Switching (*i.e.*, Adaptive WiFi) and Download Booster functionalities.   That Google's Mountain View, California headquarters is located in NDCA and has been since its founding in 1998, is evidenced by Google's own court filings and is not in dispute. (Ex. 40.)  In fact, the majority of Google's U.S. employees (and potential third-party witnesses) work in various offices in NDCA. (*Id.*)  Third-party witnesses associated with the relevant functionalities will also be located at or near Google's NDCA facilities, as illustrated by exemplary publicly available professional profiles of at least the following individuals:

- Jennifer Shen (Palo Alto, California), Google's Group Product Manager for Google Meet and Google Duo since January 2021, likely has knowledge about the functionality of Google Duo. (Ex. 37.)

- Vasyl Petrushko (Mountain View, California), Software Engineer working on Google Hangouts since October 2019, likely has knowledge about the functionality of Google Hangouts. (Ex. 38.)

- Jaishankar Sundararaman (Mountain View, California) is a Director of Software Engineering at Google.  Between 2017 and 2020, Mr. Sundararaman worked as a Senior Staf Software Engineer at Google, and his responsibilities included "leading the backend engineering team responsible for personal communication products in GSuite: Gmail, Hangouts, and Hangouts Chat."  Mr. Sundararaman therefore likely has knowledge of the functionality of Google Hangouts. (Ex. 39.)

Moreover, IP Holdings and Smart Mobile, Inc., and their representatives, including at least Rekha K. Rao, are likely to have information relevant to this case, including the financial basis for the assignments and any licenses.  And, as Raman K. Rao's legal representative, Rekha K. Rao is also likely to have information related to the purported inventions' conception and reduction of practice. Each of these likely witnesses is subject to the subpoena power of NDCA courts.

In contrast, Samsung is not aware of a single third-party witness within WDTX's subpoena power.  Employees of GTT, who allegedly communicated with Samsung in 2015, are located outside of WDTX's subpoena power in Portland, Oregon. (Exs. 18, 26.)  Third-party witnesses from GTT include, for example, Michael Lubitz (Portland, Oregon), a founder and managing director at GTT who likely has knowledge of Samsung's purported notice of the asserted patents. (Exs. 35, 36.)   As "[t]he Fifth Circuit values absolute subpoena power when deciding motions to transfer," this factor strongly favors transfer. *See Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-CV-00693-JRG-RSP, 2017 WL 4155236, at *4 (E.D. Tex. Sept. 19, 2017) (*citing In re Hoffman–La Roche, Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009)).  This factor thus favors NDCA.

### 3.     *The Willing Witnesses' Cost Of Attendance Favors NDCA*

The convenience of witnesses is the single most important factor in the transfer analysis. *SynKloud Techs., LLC v. Dropbox, Inc.*, No. 6:19-CV-00525-ADA, 2020 WL 2494574, at *4 (W.D. Tex. May 14, 2020); *Volkswagen*, 371 F.3d at 204; *In re TracFone Wireless, Inc.*, 852 F. App'x 537, 540 (Fed. Cir. 2021) ("[T]he district court here clearly misapplied the law in finding that any inconvenience to these individuals outweighed the convenience of having several party witnesses be able to testify at trial without having to leave home."); *In re Samsung*, 2 F.4th at 1379 (holding that the court "erroneously discounted the convenience of third-party witnesses" and erred by "g[iving] no weight to the presence of possible party witnesses in Northern California"); *In re Google*, No. 21-171 (Fed. Cir. Oct. 6, 2021), at 7 ("[T]he convenience of willing witnesses must be regarded as weighing heavily in favor of transfer because there are several potential witnesses in the Northern District of California and none in the Western District of Texas.").

Importantly, the venue need not be convenient for all witnesses. *In re Genentech, Inc.*, 566 F.3d at 1345.  If a substantial number of witnesses reside in one venue and no witnesses reside in another, this factor will weigh in favor of the venue where witnesses reside. *Id.*; *accord InfoGation*

*v. Google, Inc.*, No. 20-cv-366-ADA (W.D. Tex. Apr. 29, 2021), Dkt. No. 65, at *7-8 (finding party witnesses located in proposed transferee district supports conclusion that transferee district clearly more convenient).  In *Volkswagen*, the Fifth Circuit held that "the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled" when the distance between the existing venue and a proposed venue is more than 100 miles. *See Volkswagen*, 371 F.3d at 204-205.  The "100 mile rule" favors transfer if the transferee venue is a shorter distance from witnesses than the transferor venue. *See Volkswagen II*, 545 F.3d at 317.

As explained above in Sections III.C.1 and III.C.2, the likely Smart Mobile witnesses are located in NDCA, as are several likely third-party witnesses.  The inventors, Sunil K. Rao and Sanjay K. Rao, are located in Palo Alto, California, as is Raman K. Rao's legal representative involved in the patents' prosecution, Rekha K. Rao.  These witnesses are less than an hour car ride away from three of the four NDCA courthouses.  Almost all of the prosecuting attorneys are located in NDCA, and the one who is not is less than a two-hour flight away from NDCA courthouses. (*See* Ex. 19.)  And any necessary third-party witnesses from Google's Mountain View, California headquarters are also likely conveniently located to NDCA courthouses, including above-referenced Jennifer Shen, Vasyl Petrushko, and Jaishankar Sundararaman.  In addition, witnesses from GTT are likely located near its headquarters in Portland, Oregon, including Michael Lubitz. (*See* Exs. 35, 36.)  While there are nonstop flights under two hours from Portland to San Francisco, (*see* Ex. 20), the shortest direct flight from Portland to Waco is nearly six hours with no nonstop option, (*see* Ex. 21).

On the other hand, SEC is located in Korea and SEC employees with knowledge of the research and development accused functionalities, many of whom would be important witnesses in this case, also reside in Korea.  It is more convenient for these party witnesses to travel from

Korea to NDCA than to WDTX.  For example, there are daily direct flights from Seoul to San Francisco, with a flight time just under 11 hours. (*See* Ex. 22.)  By comparison, it would take these witnesses at least 18.5 hours to reach Waco through connecting flights. (*See* Ex. 23.)  Accordingly, witness convenience strongly favors proceeding in NDCA. *See In re Pandora Media LLC*, No. 21-172 at 7 (Fed. Cir. Oct. 13, 2021) ("[T]he convenience of the witnesses is an important consideration for both party witnesses and non-party witnesses.").

### 4.    *The Other Practical Considerations Factor Favors NDCA*

This Court has previously held that the last private interest factor favors transfer when most witnesses are present in the transferee forum and the plaintiff has no presence in WDTX. *Correct Transmission LLC v. ADTRAN, Inc.*, No. 6:20-CV-00669-ADA, 2021 WL 1967985, at *5 (W.D. Tex. May 17, 2021) (*citing DataQuill, Ltd. v. Apple, Inc.*, A-13-CA-706-SS, 2014 WL 2722201, at *4 (W.D. Tex. June 13, 2014)).  Such is the case here. *See* §§ III.C.1-III.C.3.  Moreover, the relevant practical problems under this factor include those that are "rationally based on judicial economy." *DynaEnergetics Eur. GMBH v. Hunting Titan, Inc.*, No. 6:20-CV-00069-ADA, 2020 WL 3259807, at *8 (W.D. Tex. June 16, 2020).  This case is in its infancy, and thus the parties and the Court do not risk any significant duplicative or wasted efforts in transfer.

Moreover, judicial economy clearly favors transferring this case to NDCA.  Smart Mobile has asserted nearly identical claims in *Smart Mobile Technologies, LLC v. Apple Inc.*, No. 6:21-cv-00603-ADA, also pending before the Court.  Apple has likewise filed a motion to transfer Smart Mobile's case against it to NDCA. *See* No. 6:21-cv-00603-ADA, Dkt. No. 29.  There is no question that Smart Mobile's claims against Samsung substantially overlap with its claims asserted against

11

Apple.  Ten of the fourteen patents Smart Mobile asserts across the two cases are identical.[5]  The remaining patents belong to the same patent families as the ten common patents and name the same inventors.[6]  In addition, Smart Mobile accuses similar functionalities in both cases (*e.g.*, multipath TCP, WiFi calling, MIMO technology, and LTE protocols).  Both of Smart Mobile's cases against Samsung and Apple thus involve substantial overlap in major case decisions, including at least claim construction and invalidity.  These inquiries will also require substantial overlap in third-party discovery, including inventors and prior art sources.  Transferring the Samsung and Apple cases together reduces the burden to the courts and third parties by preventing parallel cases dealing with the same and related patents, and similar accused products, including two sets of discovery regarding the same or similar issues and construction of the same or similar terms. Thus, this factor weighs in favor of proceeding in NDCA.

5.      ***The Administrative Difficulties Flowing From Court Congestion Is Neutral***

While the historical speed to trial may be quicker in this district than in NDCA, the Federal Circuit has recently made clear that speed to disposition is not "important enough to be assigned significant weight in the transfer analysis." *See In re Samsung*, at *16.  Further, this Court has more than forty times the patent caseload of any NDCA court.[7]  This factor is, therefore, neutral.

6.      ***The Local Interest Favors NDCA***

NDCA has a strong local interest in this case as it "calls into question the work and reputation of several individuals residing in or near [that] district." *In Re Hoffman-La Roche*, 587

---

[5]      The ten common patents are U.S. Patent Nos. 8,442,501; 8,472,936; 8,761,739; 8,824,434; 8,842,653; 9,019,946; 9,049,119; 9,191,083; 9,614,943; 9,756,168.

[6]      The unique patents asserted against Samsung are U.S. Patent Nos. 8,472,937 and 9,084,291.  The unique patents asserted against Apple are U.S. Patent Nos. 8,982,863 and 9,319,075.

[7]      No court in NDCA was assigned more than 25 of the 185 patent cases filed in NDCA in 2021 and (with one exception) 704 total cases in 2021. (Ex. 24.)  By comparison, the Court was assigned 932 patent cases and 1,128 total cases in 2021. (Ex. 25.)

F.3d at 1336.  This case directly affects the patents' NDCA-based inventors, who were "involved in the development and implementation" of the alleged inventions involving technology apparently developed in NDCA. *See ACQIS LLC v. EMC Corp.*, 67 F. Supp.3d 769, 779 (E.D. Tex. 2014).  Moreover, while Smart Mobile purports to have a principal place of business in Austin, (Compl., ¶ 16), Smart Mobile is not registered to do business in Texas and its ephemeral presence in Austin is entitled to no weight in the transfer analysis. *See In re Samsung*, 2 F.4th at 1378, 1380; *In re Zimmer Holdings, Inc.*, 609 F. 3d 1378, 1381 (Fed. Cir. 2010).  Instead, Smart Mobile is registered in Delaware. (Compl., ¶ 16.)  Moreover, Smart Mobile's purported place of business is a generic co-working space with virtual office options. (Ex. 2.)  Nor does Smart Mobile even appear to have any employees, let alone any employees in Texas.  Smart Mobile does not allege that it conducts any operations in WDTX, the alleged inventions were developed in NDCA, and Smart Mobile has only an artificial connection to WDTX.  WDTX thus has little local interest in this dispute. *HD Silicon Solutions LLC v. Microchip Techn. Inc.*, No. W-20-CV-01092-ADA, 2021 WL 4953884, at *6 (W.D. Tex. Oct. 25, 2021) (Albright, J.) (transferring case to NDCA where "[f]ew, if any, of the events giving rise to the infringement claim occurred in WDTX, and [plaintiff's] recent and limited presence in this district is insufficient").

Moreover, SEA is a New York corporation, headquartered in New Jersey, which has hundreds of employees in NDCA. (Turpin Decl., ¶¶ 2, 7.)  SEA has no facilities in WDTX, and no employees in the WDTX who are involved in the research, design or development of any of the accused functionalities. (*Id.*, ¶¶ 10-11.)  Nor is SEA aware of any relevant evidence located in WDTX. (*Id.*, ¶¶ 5, 11.)  Instead, the research, design, and development of the accused functionalities was done either by Google or primarily by SEC in Korea.  And SEC is even further removed from WDTX as a Korean entity with no facilities in WDTX.  Accordingly, with respect

to Samsung, this case does not implicate any particular localized interest that differentiates WDTX from other venues, particularly in light of SEA's nationwide presence.

Thus, given the case's many connections to NDCA and none to WDTX, this factor strongly favors proceeding in NDCA. *See In re Google*, No. 21-171 (Fed. Cir. Oct. 6, 2021), at 11 ("While some development activities took place [outside of transferee district], that does not make the transferee venue less favorable, given that none of the underlying events occurred in the Western District of Texas.").

### 7.     *The Familiarity With The Law Factor Is Neutral*

Both NDCA and WDTX courts are familiar with patent cases, and both courts have local patent rules to streamline patent cases.  Thus, the familiarity with the law factor is neutral.

### 8.     *The Conflicts Of Law Factor Is Neutral*

Because there are no concerns about conflicts of law, this factor is neutral.

## IV.    CONCLUSION

As explained above, this case could have been brought in NDCA, and the *Volkswagen* factors favor transfer. For the foregoing reasons, Samsung respectfully requests that the Court transfer Smart Mobile's claims against Samsung to NDCA.

Dated: March 2, 2022                                Respectfully submitted,

                                                       FISH & RICHARDSON P.C.

By: */s/ David M. Hoffman*
                  David M. Hoffman
                  Texas Bar No. 24046084
                  hoffman@fr.com
                  111 Congress Avenue, Suite 810
                  Austin, TX 78701
                  Tel: (512) 472-5070
                  Fax: (512) 320-8935

                  Ruffin B. Cordell
                  DC Bar No. 459780
                  cordell@fr.com
                  Michael J. McKeon
                  New York Bar No. 2793883
                  mckeon@fr.com
                  Sun Young Park
                  NY Bar No. 5412739
                  apark@fr.com
                  Joshua Rosefelt
                  DC Bar No. 1736555
                  rosefelt@fr.com
                  1000 Maine Avenue, SW, Suite 1000
                  Washington, DC 20024
                  Tel: (202) 783-5070
                  Fax: (202) 783-2331

                  Leonard Davis
                  Texas Bar No. 05521600
                  ldavis@fr.com
                  Thomas H. Reger, II
                  Texas Bar No. 24032992
                  reger@fr.com
                  Andria Rae Crisler
                  Texas Bar No. 24093792
                  crisler@fr.com
                  1717 Main Street, Suite 5000
                  Dallas, TX 78766
                  Tel (214) 747-50710
                  Fax (214) 747-2091

Christopher O. Green
Georgia Bar No. 037617
cgreen@fr.com
Aamir A. Kazi
Georgia Bar No. 104235
kazi@fr.com
Brian P. Boyd
Georgia Bar No. 5533190
bboyd@fr.com
Jonathan B. Bright
Georgia Bar No. 256953
jbright@fr.com
1180 Peachtree Street, NE
21st Floor
Atlanta, GA 30309
Tel: (404) 892-5005
Fax: (404) 892-5002

**COUNSEL FOR DEFENDANTS,
SAMSUNG ELECTRONICS CO., LTD. AND
SAMSUNG ELECTRONICS AMERICA, INC.**

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(g), counsel for Samsung has conferred with counsel for Smart Mobile in a good-faith effort to resolve the matter presented herein.  Counsel for Smart Mobile opposes the instant Motion.

*/s/ David M. Hoffman*
David M. Hoffman

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on March 2, 2022, a true and correct copy of the foregoing document was filed with the Clerk of the Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ David M. Hoffman*
David M. Hoffman
