**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **SMART MOBILE TECHNOLOGIES LLC,** | § | |
| *Plaintiff* | § | **W-21-CV-00701-ADA** |
| | § | |
| **-vs-** | § | |
| | § | |
| **SAMSUNG ELECTRONICS CO. and LTD., SAMSUNG ELECTRONICS AMERICA, INC.,** | § | |
| *Defendants* | § | |

## ORDER DENYING DEFENDANTS' MOTION TO TRANSFER

Before the Court is Defendants Samsung Electronics Co. Ltd ("SEC") and Samsung Electronics America, Inc.'s ("SEA") (collectively, "Samsung") Motion to Transfer Venue to the Northern District of California. ECF No. 42. Plaintiff Smart Mobile Technologies LLC ("Smart Mobile") opposes the motion. ECF No. 84. Samsung filed a reply to further support its motion. ECF No. 91. After careful consideration of the parties' briefs and the applicable law, the Court **DENIES** Samsung's motion to transfer venue to the Northern District of California.

### I.    FACTUAL BACKGROUND

In its complaint, Smart Mobile claims Samsung infringes of U.S. Patent Nos. 8,442,501 (the "'501 patent"), 8,472,936 (the "'936 patent"), 9,472,937 (the "'937 patent"), 8,761,739 (the "'739 patent"), 8,824,434 (the "'434 patent"), 8,842,653 (the "'653 patent"), 9,019,946 (the "'946 patent"), 9,049,119 (the "'119 patent"), 9,191,083 (the "'083 patent"), 9,614,943 (the "'943 patent"), 9,756,168 (the "'168 patent"), and 9,084,291 (the "'291 patent") (collectively, the "asserted patents"). ECF No. 1 ¶¶ 1−14. The '501, '936, '937, '739, '119, and '168 patents are directed to "improved wireless communication systems and devices having voice and data

communication capability, the capability to switch dynamically between wireless networks, and the capability of communicating with a server than enhances the functionality of the devices." *Id.* ¶ 23. The '434, '653, '946, '291, '083, and '943 patents are directed to "enhancements to mobile device communications functionality." *Id.* ¶ 24.

Smart Mobile, the owner of the asserted patents, is a limited liability company organized under the laws of Delaware. *Id.* ¶ 16. Smart Mobile's principal place of business is in Austin, Texas. *Id.* SEC is a corporation organized under the laws of South Korea with a principal place of business in South Korea. *Id.* ¶ 17. SEA is a wholly owned subsidiary of SEC. *Id.* ¶ 18. SEA is a corporation organized under the laws of New York with a principal place of business in New Jersey. *Id.* According to Smart Mobile, Samsung sells products that infringe the asserted patents, including Galaxy S, Galaxy Note, Galaxy A, Galaxy J, Galaxy Z, Galaxy Tab, and other Galaxy mobile devices. *Id.* ¶ 34. The Court will refer to these products as the "accused products."

Along with this case, Smart Mobile also filed an action against Apple Inc. *Smart Mobile Technologies LLC v. Apple Inc.*, No. 6:21-cv-603-ADA (W.D. Tex. June 11, 2021), ECF No. 1 [hereinafter "Apple Litigation"]. The Apple Litigation involves many of the same patents that are asserted in this case.

After responding to Smart Mobile's complaint, Samsung filed this motion to transfer. ECF No. 42. Samsung does not argue that the Western District of Texas ("WDTX") is an improper venue for this case; instead, it argues that the Northern District of California ("NDCA") is a more convenient forum, pointing to the location of potential witnesses and the relevant records in California. *Id*. at 1. Smart Mobile contends that this case should remain in the WDTX, pointing to, among other factors, Smart Mobile's witnesses and evidence in Texas and the lack of relevant witnesses in the NDCA. ECF No. 84 at 1.

## II.    LEGAL STANDARD

In patent cases, motions to transfer under 28 U.S.C. § 1404(a) are governed by the law of the regional circuit—here, the Fifth Circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). 28 U.S.C. § 1404(a) provides in part that "[f]or the convenience of parties and witnesses, . . . a district court may transfer any civil action to any other district or division where it might have been brought . . . " *Id*. "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

The preliminary question under § 1404(a) is whether a civil action "'might have been brought' in the destination venue." *In re Volkswagen, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) [hereinafter *Volkswagen II*]. If the destination venue would have been a proper venue, then "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004) (footnote omitted). The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) [hereinafter *Volkswagen I*] (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* Courts evaluate these factors based on the situation which existed at the time of filing, rather than relying on

hindsight knowledge of the defendant's forum preference. *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).

The moving party has the burden to prove that a case should be transferred for convenience. *Volkswagen II*, 545 F.3d at 314. The burden is not simply that the alternative venue is more convenient, but that it is clearly more convenient. *Id.* at 314–15. While "clearly more convenient" is not the same as the "clear and convincing" standard, the moving party must still show more than a mere preponderance. *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019). Yet, the Federal Circuit has clarified that, for a court to hold that a factor favors transfer, the movant need not show an individual factor *clearly* favors transfer. *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020).

## III.    DISCUSSION

The threshold determination in the § 1404(a) analysis is whether this case could initially have been brought in the destination venue—the NDCA. Samsung argues that the threshold determination is met because SEA has facilities in California and over 520 full-time employees in the NDCA, and SEC is a foreign corporation. No. 42 at 4. Smart Mobile does not address the threshold determination. ECF No. 84. Because Samsung has shown that venue is proper for the claims against SEC and SEA, the Court determines that the threshold determination is met. Because the threshold determination is met, the Court now analyzes the private and public interest factors to determine whether the NDCA is a clearly more convenient forum than the WDTX.

### A.  The Private Interest Factors

#### i.   *The Cost of Attendance and Convenience for Willing Witnesses*

The most important factor in the transfer analysis is the convenience of the witnesses. *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009). According to Fifth Circuit law, if the distance between a current venue and a proposed venue is more than 100 miles, the inconvenience

to witnesses increases in direct relationship to the additional distance they must travel if the matter is transferred. *Volkswagen II*, 545 F.3d at 317. But it is unclear when the 100-mile rule applies, as the Federal Circuit has stated that courts should not apply the rule "rigidly" in cases where witnesses would be required to travel a significant distance no matter what venue they testify in. *In re Apple*, 979 F.3d at 1342 (discussing witnesses traveling from New York) (citing *Volkswagen II*, 545 F.3d at 317). "[T]he inquiry should focus on the cost and inconvenience imposed on the witnesses by requiring them to travel to a distant forum and to be away from their homes and work for an extended period of time." *In re Google, LLC*, No. 2021-170, 2021 WL 4427899, at *4 (Fed. Cir. Sept. 27, 2021). According to the Federal Circuit, time is a more important metric than distance. *Id.* However, the Federal Circuit has also held that when willing witnesses will have to travel a significant distance to either forum, the slight inconvenience of one forum in comparison to the other should not weigh heavily on the outcome of this factor. *In re Apple*, 979 F.3d at 1342.

According to Samsung, this factor favors transfer because Smart Mobile's witnesses are located in the NDCA. ECF No. 42 at 10. Samsung alleges that the inventors of the asserted patents, Sunil K. Rao and Sanjay K. Rao, reside in Palo Alto, California. *Id.* In response, Smart Mobile argues that Sunil K. Rao and Sanjay K. Rao both reside in Austin, Texas. ECF No. 84 at 10. Smart Mobile argues that the WDTX is a more convenient forum for Sunil K. Rao and Sanjay K. Rao. *Id.* at 10−11. Smart Mobile also argues that it has an employee, William Heye, who resides in Plano, Texas. *Id.* at 11. Smart Mobile argues that the WDTX is a more convenient forum for Mr. Heye. *Id.* In its reply, Samsung argues that Sunil K. Rao's and Sanjay K. Rao's presence in the WDTX is a "construct for litigation." ECF No. 91 at 2. Samsung notes that Sanjay K. Rao signed a lease in Austin less than two months before this case was filed. *Id.* Samsung also notes that Mr.

Heye no longer works for Smart Mobile. *Id.* at 3; ECF No. 87. Samsung argues that Smart Mobile has failed to show what information, if any, Mr. Heye possesses. ECF No. 91 at 3.

The Court finds that the presence of Sunil K. Rao and Sanjay K. Rao in the WDTX weighs against transfer. Sunil K. Rao and Sanjay K. Rao are inventors of the asserted patents and no doubt possess knowledge relevant to the claimed invention and the prosecution of the asserted patents. Further, Sunil K. Rao and Sanjay K. Rao are members of Smart Mobile. ECF No. 85-2 ¶ 1; ECF No. 85-3 ¶ 1. Thus, they likely possess relevant knowledge regarding Smart Mobile's ownership of the asserted patents and monetization efforts. While Sunil K. Rao and Sanjay K. Rao may have moved to the WDTX in anticipation of litigation, they both reside in the WDTX. ECF No. 85-2 ¶ 4; ECF No. 85-3 ¶ 6. Both Sunil K. Rao and Sanjay K. Rao have Texas drivers' licenses, and they are both registered to vote in Texas. ECF No. 85-2 ¶ 4; ECF No. 85-3 ¶ 6. Regardless of their reasoning for the move, because Sunil K. Rao and Sanjay K. Rao reside in Austin, they will find this Court a more convenient forum than the NDCA. Thus, the Court finds that their presence in the WDTX weighs against transfer.

As for Mr. Heye, the Court also finds that his presence in Texas weighs against transfer. Mr. Heye was Smart Mobile's strategic advisor and helped Smart Mobile with business and marketing plans. ECF No. 85-4 ¶ 1. Mr. Heye also interfaced with Smart Mobile's legal counsel. *Id.* The Court finds that Mr. Heye may possess knowledge regarding Smart Mobile's monetization efforts, including efforts to license the asserted patents. And while Mr. Heye no longer works for Smart Mobile, ECF No. 87, Mr. Heye stated in his declaration that he was willing to testify on behalf of Smart Mobile, ECF No. 85-4 ¶ 9. Because Mr. Heye is willing to testify at trial, the Court considers him under the analysis of this factor. And because Mr. Heye may possess relevant

knowledge and he would find this Court a more convenient forum, the Court weighs his presence in Texas against transfer.

Samsung argues that this factor favors transfer because almost all the prosecuting attorneys are located in the NDCA. ECF No. 42 at 10. Further, Samsung claims that the third inventor of the asserted patents, Raman K. Rao, is deceased and his legal representative, Rekha K. Rao, is in Palo Alto, California. *Id.* And Samsung argues that any third-party witnesses from Google's Mountain View headquarters would find the NDCA a more convenient forum. *Id.* Samsung further claims that witnesses from Global Technology Transfer Group, Inc. ("GTT"), which contacted Samsung to solicit interest in acquiring the asserted patents, are in Portland, Oregon. *Id.* Samsung argues that GTT's witnesses would find the NDCA a more convenient forum. *Id.*

In response, Smart Mobile argues that the Court should disregard third-party witnesses under the analysis of this factor. ECF No. 84 at 11. Smart Mobile contends that when there is no evidence that a witness is willing, the Court should presume that the subpoena power is necessary to secure the witnesses' attendance. *Id.* Smart Mobile argues that the individuals identified by Samsung—including Rekha K. Rao, Google employees, and GTT employees—are all third-party witnesses who should be considered under the compulsory process factor. *Id.*

The Court agrees with Smart Mobile. The Federal Circuit has held that "when there is no indication that a non-party witness is willing, the witness is presumed to be unwilling and considered under the compulsory process factor." *In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *3 n.1 (Fed. Cir. Sept. 25, 2018). Because Samsung has not shown that Rekha K. Rao, Google's employees, and GTT's employees are willing to testify at trial, the Court only considers these witnesses under the compulsory process factor below. Since this factor considers the convenience

of the willing witnesses, *Volkswagen I*, 371 F.3d at 203, the Court does not consider the convenience of unwilling witnesses under the analysis of this factor.

As for its own employees, Samsung claims that its relevant employees are in Korea and they would find the NDCA a more convenient forum. ECF No. 42 at 10−11. In response, Smart Mobile argues that Samsung's Texas-based employees would be inconvenienced if this case were transferred. ECF No. 84 at 9−10. Smart Mobile identifies ████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████ *Id.* Smart Mobile also identifies Phil Turbin, Samsung's declarant and an Analytics Manager at SEA. *Id.*; ECF No. 42-3 ¶ 1. Mr. Turbin resides in Princeton, Texas and works in Plano, Texas. ECF No. 84 at 3. Smart Mobile argues that the WDTX is only marginally more inconvenient for Samsung's witnesses in Korea. *Id.* at 10.

For Samsung's Korea-based employees, the Court finds that this factor does not favor transfer. While Samsung's Korea-based employees may possess relevant information for trial, the slight inconvenience of traveling to the WDTX rather than the NDCA does not impact the outcome of this factor. In *In re Apple Inc.*, the Federal Circuit explained that while witnesses in New York would travel significantly less distance for trial in the WDTX than in the NDCA, "in either instance these individuals will likely have to leave home for an extended period of time and incur travel, lodging, and related costs." 979 F.3d at 1342. The court determined that these witnesses "will only be 'slightly more inconvenienced by having to travel to California' than to Texas.'" *Id.* Similarly here, while SEC's employees in Korea are closer to the NDCA than the WDTX, the slight inconvenience of having to travel to Texas rather than California does not weigh heavily on the outcome of this factor.

As for ███████████ and Turpin, the Court finds that the presence of ███████ in Texas weighs against transfer. As Smart Mobile explains, ████████████████████████████ ████████████████████████████████████████. ECF No. 84 at 3. Samsung does not dispute ███████ relevance in its reply. ECF No. 91. As for Mr. Turpin, Samsung relied on Mr. Turpin as one of its declarants for its Motion. ECF No. 42-3. But the Court is unsure what knowledge Mr. Turpin possesses that would be needed at trial in this case. Mr. Turpin's declaration primarily focuses on SEA's places of business. *Id.* Because Smart Mobile has not shown what knowledge Mr. Turpin may possess related to this litigation, the Court only considers ████████ presence in Texas within the analysis of this factor.

The Court finds this factor is weighs against transfer. The two living inventors of the asserted patents reside in the WDTX. And one former Smart Mobile employee is willing to testify at trial and resides in Texas. Further, one potential witness from Samsung resides in Texas. No willing witnesses reside in the NDCA. Based on the evidence provided, the Court concludes that there are more relevant willing witnesses in Texas than in California.

## ii.   *The Relative Ease of Access to Sources of Proof*

"In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored." *Fintiv Inc. v. Apple Inc.*, No. 6:18-cv-00372, 2019 WL 4743678, at *2 (W.D. Tex. Sept. 10, 2019). "[T]he question is *relative* ease of access, not *absolute* ease of access." *In re Radmax*, 720 F.3d 285, 288 (5th Cir. 2013) (emphases in original). "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Apple Inc.*, 979 F.3d at 1340 (citing *In re Genentech*, 566 F.3d at 1345).

According to Samsung, this factor favors transfer because Smart Mobile's witnesses live and work in the NDCA. ECF No. 42 at 4. Samsung alleges that Sunil K. Rao and Sanjay K. Rao, inventors of the asserted patents, reside in Palo Alto, California. *Id.* Samsung also claims that Smart Mobile's predecessors-in-interest, IP Holdings, Inc. and Smart Mobile, Inc., are both headquartered in the NDCA. *Id.* at 4−5. Samsung also claims that IP Holdings, Inc.'s Chief Executive Officer, Rekha K. Rao, also resides in the NDCA. *Id.* at 5. Samsung notes that most of the attorneys that participated in the prosecution of the asserted patents are in or near the NDCA. *Id.* Even though Smart Mobile claims that its principal place of business is in Austin, Texas, Samsung argues that Smart Mobile's presence in the WDTX is "ephemeral, and a construct for litigation and appear[s] to exist for no other purpose than to manipulate venue." *Id.* (quoting *In re Samsung Elecs. Co.*, 2 F.4th 1371, 1378 (Fed. Cir. 2021)). Samsung notes that Smart Mobile's principal place of business is a generic co-working space. *Id.* Samsung argues that IP Holdings, Inc. and Smart Mobile, Inc. likely possess more relevant evidence because they owned the asserted patents for longer than Smart Mobile has. *Id.* at 5−6.

In response, Smart Mobile argues that its documents are in the WDTX. ECF No. 84 at 4. Smart Mobile claims that its documents related to conception and reduction to practice of the claimed invention are in Austin. *Id.* Smart Mobile claims that its documents related to prosecution of the asserted patents are in Waco and Austin. *Id.* Smart Mobile's declarant, Sunil K. Rao, explained that the prosecution documents were moved to Waco because it is "approximately equidistant between Austin and Plano, Texas, where Smart Mobile's employee, William Heye, resides and works." ECF No. 85-3 ¶ 10. Smart Mobile also claims that its documents related to potential sales and licensing of the asserted patents as well as the assignments of the asserted patents are in Austin. ECF No. 84 at 4. Lastly, Smart Mobile claims that its documents related to

any analyses of the value, validity, enforceability, and infringement of the asserted patents are in Austin. *Id.* Smart Mobile asserts that it does not have any documents in the NDCA. *Id.* Smart Mobile also contends that Samsung has not shown that IP Holdings, Inc. and Smart Mobile, Inc. possess any relevant information. *Id.* at 5. And Smart Mobile claims that Samsung has only shown that four of the seven prosecuting attorneys resides in California. *Id.* Smart Mobile notes that one of the prosecuting attorneys resides in Texas. *Id.* But Smart Mobile claims that it maintains all the prosecution history files in Texas. *Id.*

In its reply, Samsung argues that Smart Mobile's ephemeral presence in the WDTX is afforded no weight in the transfer analysis. ECF No. 91 at 2. Samsung argues that Smart Mobile's tie to this District is "nothing more than a construct for litigation." *Id.* Samsung argues that Smart Mobile acknowledges that its documents originate from California, not Texas. *Id.* at 3. Samsung argues that the prosecution documents can easily be moved and many of the prosecution documents are publicly available from the USPTO. *Id.* Samsung argues that Smart Mobile's claim that documents related to Smart Mobile's sales and licensing should be afforded no weight because Smart Mobile does not sell a product. *Id.*

The Court finds that Smart Mobile's documents in this District weigh at least slightly against transfer. While Smart Mobile may have moved many of its documents to this District in anticipation of litigation, the Court does not find that this is a case in which Smart Mobile's move was simply "recent, ephemeral, and an artifact of litigation." *In re Samsung*, 2 F.4th at 1378. Rather, Smart Mobile's sole members and the inventors of the asserted patents, Sunil K. Rao and Sanjay K. Rao, have moved to the WDTX. ECF No. 85-2 ¶¶ 1−2, 4; ECF No. 85-3 ¶¶ 1−2, 6. Both Sunil K. Rao and Sanjay K. Rao have Texas drivers' licenses, and they are both registered to vote in Texas. ECF No. 85-2 ¶ 4; ECF No. 85-3 ¶ 6. Sunil K. Rao and Sanjay K. Rao are also both

originally from Texas. ECF No. 85-2 ¶ 4; ECF No. 85-3 ¶ 6. And Sunil K. Rao has been working on developing a mobile device in Belton, Texas with an independent contractor from Austin. ECF No. 85-3 ¶ 7. All of Smart Mobile's operations, including all of its efforts to monetize the asserted patents, are in Texas. *Id.* ¶ 8. Smart Mobile has an electronics project laboratory with various components, tools, equipment, and prototypes in Texas. *Id.* Smart Mobile has tested software applications in or around Austin, Texas. *Id.* ¶ 15. And one of Smart Mobile's (now former) employees has resided in Texas for many years. ECF No. 85-4 ¶ 3. Thus, even though Sunil K. Rao and Sanjay K. Rao's move to Austin may have been in anticipation of litigation, the Court finds that Smart Mobile has established itself in this District. This move does not appear to have the "ephemeral" nature that has been seen in other cases. *See, e.g.*, *In re Microsoft Corp.*, 630 F.3d 1361, 1365 (Fed. Cir. 2011) (explaining that a plaintiff's presence in a district is "recent, ephemeral, and a construct for litigation" when the plaintiff's offices in the transferor forum staff no employees and merely store the plaintiff's documents); *In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381 (Fed. Cir. 2010) (explaining that a plaintiff's presence in a district is recent, ephemeral, and an artifact of litigation when the plaintiff's witnesses were not in the transferor forum). The Court finds that the presence of Smart Mobile's documents in the WDTX weighs at least slightly against transfer. But the Court does not weigh the presence of Smart Mobile's documents in the WDTX heavily against transfer because they were recently moved to this District.

As for Smart Mobile's predecessors-in-interest, IP Holdings, Inc. and Smart Mobile, Inc., the Court does not weigh their presence in the NDCA in favor of transfer. IP Holdings, Inc.'s Chief Executive Officer, Rekha K. Rao, resides in Virginia, not the NDCA. ECF No. 85-3 ¶ 18. Rekha K. Rao also appears to be the CEO of Smart Mobile, Inc. as well. *Id.* ¶ 17. Samsung has not identified any other employees of IP Holdings, Inc. or Smart Mobile, Inc. Sunil K. Rao explained

in his declaration that all the documents related to the transfer of ownership of the asserted patents are in the possession of Smart Mobile. ECF No. 85-3 ¶ 15. Sunil K. Rao is "not aware that either IP Holdings or Smart Mobile, Inc. (now known as BrandCRM, Inc.) retain any documents related to the Asserted Patents." *Id.* But to the extent that IP Holdings, Inc. and Smart Mobile, Inc. possess any relevant documents, the Court concludes that those documents are likely created, maintained, and accessed by IP Holdings, Inc.'s and Smart Mobile, Inc.'s CEO, Rekha K. Rao, in Virginia. Neither the NDCA nor the WDTX would be a particularly convenient forum for accessing documents created and maintained in Virginia.

As for the prosecuting attorneys, the Court concludes that the presence of four prosecuting attorneys in California does not weigh in favor of transfer. Samsung failed to show that the attorneys involved in the prosecution of the asserted patents possess source of proof needed in this case that are not already in the possession of Smart Mobile. But the Court notes that if Samsung had shown that the prosecuting attorneys possess relevant evidence, only four of the seven prosecuting attorneys are in California. ECF No. 85-5 (noting that Stephen Eric Baldwin, Johney U Han, Steven Michael Giovannetti, and Michael Kevin O'Neill reside in California). One of the prosecuting attorneys resides in Texas. *Id.* (noting that Richard Leon Gregory Jr. resides in Texas). Thus, if somehow the prosecuting attorneys possess relevant, non-duplicative sources of proof for this case, attorneys involved in the prosecution of the asserted patents are in or near both forums.

Samsung also argues that this factor favors transfer because Google may possess relevant evidence in the NDCA. ECF No. 42 at 6. Samsung notes that Smart Mobile has accused the Google Hangouts and Duo applications. *Id.* And Samsung claims that Google's evidence is likely in the NDCA because Google's headquarters are in Mountain View, California. *Id.* Samsung also argues that GTT may have evidence in Portland, Oregon. *Id.* at 6−7.

In response, Smart Mobile complains that Samsung has not shown that Google Hangouts and Google Duo were designed and developed in the NDCA. ECF No. 84 at 5−6. As discussed below within the compulsory process factor, *see infra* section III(A)(iii), Smart Mobile argues that Google Hangouts and Duo were designed and developed by Google employees in Washington. *Id.* at 6. Smart Mobile also notes that GTT's evidence is not within the NDCA, but is rather in Portland, Oregon. *Id.*

In its reply, Samsung argues that it is undisputed that Google provides the accused Google Hangouts and Duo applications. ECF No. 91 at 2. Samsung also argues that this factor still favors transfer even if some of the development of the accused Google Hangouts and Duo applications occurred in Washington. *Id.*

The Court finds that the presence of relevant Google employees in the NDCA and Washington weighs in favor of transfer. Samsung has identified three Google employees in the NDCA that may create and maintain documents related to this case. *See infra* section III(A)(iii). Smart Mobile has also identified seven Google employees in Washington that likely create and maintain documents related to this case. *See id.* Documents created and maintained by Google's employees in the NDCA and Washington would be more easily accessed from the NDCA than the WDTX. *VoIP-Pal.com, Inc. v. Meta Platforms, Inc.*, No. 6:21-cv-00665-ADA, 2022 WL 2110686, at *3 (W.D. Tex. May 31, 2022). Additionally, the Court finds that the presence of GTT employees in Oregon weighs in favor of transfer. The parties agree that GTT is based in Portland, Oregon, and Smart Mobile alleges that GTT contacted Samsung to sell or license the asserted patents. ECF No. 42 at 6−7; ECF No. 84 at 6. If GTT employees possess documents related to this case, those documents are likely created and maintained in Portland, Oregon. These sources of proof would likely be more easily accessed from the NDCA than the WDTX.

Additionally, Samsung asserts that this factor favors transfer because SEA has facilities in Mountain View, California. ECF No. 42 at 6. In response, Smart Mobile claims that Samsung's evidence is in Korea and Texas. ECF No. 84 at 2. Based on statements from Samsung's declarant, Smart Mobile argues that the "research, design, and development of the products at issues in this case were done in Korea." *Id.* at 3 (citing ECF No. 42-3 ¶ 10 (Declaration of Phil Turpin)). Smart Mobile notes that Samsung has identified no documents or source code in the NDCA. *Id.* And Smart Mobile claims that Samsung has stated that Samsung's documents detailing its analyses of the asserted patents are in Korea. *Id.* (citing ECF No. 84-1 (Defendants' Supplemental Objections and Responses to Plaintiff's First Interrogatories Regarding Venue)). Smart Mobile argues that

██████████████████████████████████████████████████████████████████

█████████████████████████████████████████ *Id.* Smart Mobile notes that ████████

██████████████████████████████████████████████████████████████████

████████████████████████████████████████████████ *Id.* Smart Mobile also argues that Samsung's declarant, Phil Turpin, may possess relevant documents in his office in Plano, Texas. *Id.* In response, Samsung complains that Smart Mobile "does not point to any relevant Samsung documents located in Texas." ECF No. 91 at 1. Samsung also argues that relevant documents are in Korea does not weigh against transfer. *Id.*

The Court agrees with Samsung—the relevant documents in Korea do not weigh against transfer. But the Court acknowledges that Samsung has expressly stated that "the research, design, and development of Samsung smartphone products, tablet products, watch products, television products, and wireless charger products were done primarily by SEC in Korea." ECF No. 42-3 ¶ 10. Samsung identifies its employees in Korea as those responsible for designing, researching, developing, and testing the accused products. ECF No. 84-1 at 14−15, 18−19. Samsung has

identified no employees from its offices in California who are responsible for the design, research, development, and testing of the accused products. ECF No. 84-1. Thus, the Court concludes that Samsung's relevant technical documents are likely created and maintained in Korea, not California. Thus, the Court does not weigh the presence of SEA employees in California in favor of transfer.

The Court weighs the presence of two Samsung employees in Texas against transfer. First, Samsung's ████████████████████████████████████████████ ████████████████ ECF No. 84-1 at 14−15, 20. ████████████ ████████████████████████████████████████████████ ████████████████████████ is much closer to the WDTX than the NDCA. Second, Mr. Turpin was selected by Samsung as one of its declarants. While it is unclear whether Mr. Turpin possesses relevant knowledge for this case, *see supra* section III(A)(i), he may be a document custodian for documents related to this litigation in his role as Samsung's declarant. Any documents Mr. Turpin has would be more easily accessed from the WDTX than the NDCA.

Accordingly, the Court finds that this factor is neutral. Smart Mobile's documents appear to be stored entirely within this District. Further, Samsung's employees in Texas likely create and maintain relevant documents near this District. The only sources of proof identified in or near the NDCA are from third-parties Google and GTT. But the Court also acknowledges that the Fifth Circuit has recently agreed with a district court that concluded that this factor is neutral because electronic evidence is equally accessible in either forum. *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022). The Fifth Circuit held that "[t]he location of evidence bears much more strongly on the transfer analysis when . . . the evidence is physical in nature." *Id.* Neither party has identified physical evidence in this case. The Court concludes that much of the

relevant evidence is likely electronic. Thus, even if this factor weighed in favor or against transfer, the weight of this factor would be diminished because the evidence is electronic.

### iii.   *The Availability of Compulsory Process to Secure the Attendance of Witnesses*

Under the Federal Rules, a court may subpoena a witness to attend trial only (a) "within 100 miles of where the person resides, is employed, or regularly transacts business in person"; or (b) "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(A), (B)(ii). Under this factor, the Court focuses on non-party witnesses whose attendance may need to be secured by a court order." *Fintiv Inc.*, 2019 WL 4743678, at *14 (citing *Volkswagen II*, 545 F.3d at 316). This factor "weigh[s] heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." *In re Apple*, 581 F. App'x 886, 889 (Fed. Cir. 2014) (citing *In re Genentech*, 566 F.3d at 1345). The Federal Circuit has held that "when there is no indication that a non-party witness is willing, the witness is presumed to be unwilling and considered under the compulsory process factor." *In re HP Inc.*, 2018 WL 4692486, at *3 n.1. However, the Fifth Circuit has clarified that "the availability of the compulsory process 'receives less weight when it has not been alleged or shown that any witness would be unwilling to testify.'" *In re Planned Parenthood*, 52 F.4th at 630−31 (quoting *Hefferan v. Ethicon Endo-Surgery Inc.*, 828 F.3d 488 (6th Cir. 2016)).

Samsung argues that this factor favors transfer because Smart Mobile's witnesses, including inventors Sunil K. Rao and Sanjay K. Rao, are in the NDCA. ECF No. 42 at 7. Samsung also argues that the former assignees of the asserted patents, IP Holdings, Inc. and Smart Mobile, Inc., are in the NDCA. *Id.* at 5, 8. Rekha K. Rao, IP Holdings' Chief Executive Officer, is also in the NDCA. *Id.* Rekha K. Rao participated in prosecution of the asserted patents. *Id.* at 5. In response, Smart Mobile argues that Sunil K. Rao and Sanjay K. Rao both reside in the WDTX and

are willing witnesses. ECF No. 84 at 6. As for Rekha K. Rao, Smart Mobile notes that she resides in Virginia, not the NDCA. *Id.* at 9. Smart Mobile argues that Rekha K. Rao is not subject to the subpoena power of either the WDTX or the NDCA. *Id.*

Based on the evidence provided, the Court finds that none of these witnesses fall under the compulsory process factor. As Smart Mobile explains, Sunil K. Rao and Sanjay K. Rao reside in Austin, Texas within the subpoena power of this Court. ECF No. 85-2 ¶ 4; ECF No. 85-3 ¶ 6. But Sunil K. Rao and Sanjay K. Rao are members of Smart Mobile, and they are both willing to testify at trial. ECF No. 85-2 ¶¶ 1, 7; ECF No. 85-3 ¶ 1, 19. Because Sunil K. Rao and Sanjay K. Rao are willing to testify at trial, they are considered only under the willing witness factor above. As for witnesses from Smart Mobile's predecessors-in-interest, IP Holdings, Inc. and Smart Mobile, Inc., the only identified witness is Rekha K. Rao. ECF No. 42 at 5. Rekha K. Rao resides in McLean, Virginia. ECF No. 85-3 ¶ 18. The Court also notes that Smart Mobile Inc.'s business registration in California is currently suspended. ECF No. 42-2. The only identified witness from Smart Mobile's predecessors-in-interest, Rekha K. Rao, is located outside the subpoena power of both courts and does not impact the outcome of this factor.

Samsung also notes that the attorneys involved in drafting and prosecuting the asserted patents are mostly located in the NDCA. *Id.* In response, Smart Mobile argues that only three of the seven prosecuting attorneys are in the NDCA. ECF No. 84 at 6. Smart Mobile notes that one of the prosecuting attorneys is in Houston within the subpoena power of this District. *Id.*; ECF No. 85-5. But Smart Mobile also argues that the prosecution files speak for themselves and Samsung has not shown that the prosecuting attorneys are likely to be relevant witnesses at trial. ECF No. 84 at 6.

The Court concludes that Samsung has failed to show why the attorneys involved in the prosecution of the asserted patents would testify at trial in this case. Samsung does not appear to present allegations of inequitable conduct. ECF No. 32. And Samsung does not raise in its Motion any issues in the prosecution history that would require testimony from the prosecuting attorneys. Thus, the Court agrees with Smart Mobile—the prosecution history here likely speaks for itself. But the Court notes that if Samsung had shown that the prosecuting attorneys were relevant, only four of the seven prosecuting attorneys reside within the subpoena power of the NDCA. ECF No. 85-5 (noting that Stephen Eric Baldwin, Johney U Han, Steven Michael Giovannetti, and Michael Kevin O'Neill reside in California). One of the prosecuting attorneys resides within the subpoena power of this Court. *Id.* (noting that Richard Leon Gregory Jr. resides in Texas). Thus, if somehow the prosecuting attorneys were relevant, attorneys involved in the prosecution of the asserted patents can be compelled to testify in either district. Thus, the Court does not weigh the presence of prosecuting attorneys in the NDCA in favor of transfer.

Samsung further argues that several of the accused functionalities are directed at technology provided by Google. *Id.* at 6. Relevant Google employees are in the NDCA, and these employees may possess knowledge about the accused Google Hangouts and Duo applications and the accused Smart Network Switching and Download Booster functionalities. *Id.* at 8. Samsung notes that Google's headquarters are in Mountain View, California and most of Google's employees are within the NDCA. *Id.* Samsung identifies the following Google employees based on their LinkedIn profiles: (1) Jennifer Shen, Google's Group Product Manager for Google Meet and Google Duo, who has knowledge about the functionality of Google Duo; (2) Vasyl Petrushko, Software Engineer working on Google Hangouts, who liely has knowledge about the functionality

of Google Hangouts; and (3) Jaishankar Sundararaman, a Director of Software Engineering at Google, who has knowledge of the functionality of Google Hangouts. *Id.*

In response, Smart Mobile argues that neither its complaint nor its infringement contentions associate Smart Network Switching and Adaptive Wi-Fi functionalities with Google. ECF No. 84 at 7. Smart Mobile also argues that Samsung does not show that Google develops the Smart Mobile Network or Download Booster functionalities. *Id.* Smart Mobile notes that when Samsung was asked who designed, researched, developed, and tested these functionalities, Samsung identified only its own employees in Korea. *Id.* As for the Google employees identified by Samsung, Smart Mobile argues that these employees do not have relevant knowledge. *Id.* Smart Mobile notes that Ms. Chen's LinkedIn profile does not show any work on the accused Hangouts application and she has only worked for Duo since January 2021. *Id.* Smart Mobile argues that Mr. Petrushko's LinkedIn profile does not show that he worked on Duo and it indicates that Mr. Petrushko has worked on Hangouts *Chat*, not the accused Hangouts application. *Id.* Smart Mobile argues that Mr. Sundararaman's LinkedIn profile indicates that Hangouts and Hangouts Chat are different products. *Id.* Smart Mobile acknowledges that Mr. Sundararaman's profile suggests that he worked on the "backend engineering" for Hangouts and Hangouts Chat, but Smart Mobile argues that Samsung offers no evidence showing that Mr. Sundararaman's experience is relevant. *Id.* at 8. Smart Mobile argues Hangouts and Duo were designed and developed by Google employees in Washington. *Id.* Smart Mobile identifies specific employees in Washington that work on the accused Duo and Hangouts applications. *Id.* Smart Mobile argues that the relevant Google employees reside in Washington outside the subpoena power of both the WDTX and NDCA. *Id.*

In its reply, Samsung argues that Smart Mobile's argument that there are relevant witnesses in Washington does not detract from the relevant knowledge of Google employees in the NDCA.

ECF No. 91 at 4. Samsung also argues that the relevant Google employees in Washington will find the NDCA a more convenient forum because Washington is much closer to the NDCA than the WDTX. *Id.* Samsung argues that this factor favors transfer because it has identified a third-party company located in the NDCA. *Id.*

First, the Court declines to weigh this factor heavily in favor of transfer simply because "Google's Mountain View, California headquartered is located in NDCA" and "the majority of Google's U.S. employees . . . work in various offices in NDCA." ECF No. 42 at 8. Google has employees across the country. In fact, Smart Mobile has shown that relevant Google employees reside outside the subpoena power of the NDCA in Washington. ECF No. 84 at 8. Thus, Google's general presence in the NDCA alone cannot show that this factor should weigh in favor of transfer.

As for the Google employees identified by Samsung, the Court weighs these employees slightly in favor of transfer. Ms. Shen has not worked with the accused Hangouts application, and she has only worked on the accused Duo application for the last year and a half. ECF No. 42-2. Mr. Petrushko has only worked with Hangouts Chat, which appears to differ from the accused Hangouts application. *Id.* And Mr. Sundararaman has worked with the accused Hangouts application among other Google applications. *Id.* The Court weighs these individuals in favor of transfer because they may possess relevant knowledge of the accused Google Hangouts and Duo applications. But the Court notes that this case involves much more than the accused Google Hangouts and Google Duo applications. ECF No. 42 at 1 (explaining that Smart Mobile accuses Smart Network Switching, Download Booster, Intelligent Wi-Fi, Wi-Fi Calling, Wi-Fi/LTE protocols and MIMO, MPTCP, native video calling, and OFDMA/SC-FDMA). And the Court also acknowledges that the identified Washington-based Google employees would likely possess more relevant information about these Google applications. Washington-based Sanaz Ahari Lemelson

is "[c]urrently leading all Google's communications products" including Google Duo and worked on the design of Google Duo for almost three years. ECF No. 85-17. David Citron, who is based in Redmond, Washington, is the Senior Director of Product for Google Duo and worked on Google Hangouts for over two years. *Id.* Joy Barlow, who is also based in Washington, has worked on Google Hangouts and Google Duo for over five years. *Id.* Lastly, Brian Marsh, David Braun, Patrick Wong, and Joy Zhang, who all reside in Washington, each worked on Google Hangouts for many years. *Id.* But these individuals are outside the subpoena power of either district.

Accordingly, the Court finds that this factor weighs slightly in favor of transfer. The only identified individuals subject to the compulsory process of either district are Google employees in the NDCA. But Samsung has only identified three Google employees in the NDCA and these individuals have limited relevance to this case because they only possess knowledge about the accused Google Hangouts and Google Duo applications. Thus, the Court finds that this factor weighs slightly in favor of transfer.

### iv.    *All Other Practical Problems That Make Trial of a Case Easy, Expeditious, and Inexpensive*

When considering the private interest factors, courts must also consider "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 314. "Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer." *PersonalWeb Techs., LLC v. NEC Corp. of Am., Inc.*, No. 6:11-cv-655, 2013 WL 9600333, at *5 (E.D. Tex. Mar. 21, 2013). "[W]here there is a co-pending litigation before the trial court involving the same patent-in-suit, and pertaining to the same underlying technology and accusing similar services, [the Federal Circuit] cannot say the trial court clearly [abuses] its discretion in denying transfer." *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 n.3 (Fed. Cir. 2010).

Samsung argues that this factor favors transfer because "most of the witnesses are present in the transferee forum and the plaintiff has no presence in the WDTX." ECF No. 42 at 11. Samsung further argues that this factor favors transfer because this case is in its infancy. *Id.* Lastly, because Apple has filed a motion to transfer venue to the NDCA in the co-pending Apple Litigation and there is substantial overlap between this case and the Apple Litigation, Samsung argues that judicial economy would be best served by transferring both cases to the NDCA. *Id.* at 11−12. In response, Smart Mobile argues that this factor weighs against transfer because there is substantial overlap between this case and the Apple Litigation and they are currently pending in the same forum. ECF No. 84 at 12. In its reply, Samsung argues that separating the Apple and Samsung cases "would burden the courts and third parties with parallel but separate discovery requests concerning the same and related patents, and similar products." ECF No. 91 at 5. Samsung further argues that "[s]eparation would infuse uncertainty into the judicial process because different courts could produce different claim constructions for the same terms in the same patents, multiplying the number of issues for all parties to deal with." *Id.*

The Court rejects Samsung argument that this factor favors transfer because most of the witnesses are present in the transferee forum. Not only is this inaccurate, *see supra* section III(A)(i), but the analysis under this factor is "all *other* practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 314 (emphasis added). Under this factor, the Court considers other practical problems, other than those already addressed. The Court declines to reconsider the convenience of the witnesses under this factor.

The Court also rejects Samsung's argument that this factor favors transfer because this case is in its early stages. The relevant inquiry under this factor is whether the circumstances in either the forum would make trial of the matter easier, more expeditious, or less expensive. *Volkswagen*

*II*, 545 F.3d at 314. Even if this case is in its early stages, transferring this matter to the NDCA does not reduce the practical problems before a court in that district. Samsung has cited no authority for the proposition that this factor weighs in favor of transfer just because the case is in its early stages.

The Court finds that this factor weighs at least slightly against transfer because of the co-pending Apple Litigation. While the Court acknowledges that there is a pending Motion to Transfer Venue to the NDCA in the Apple Litigation, judicial efficiency will be improved if both cases remain in the same district. The Court agrees with Samsung that separating the Apple and Samsung cases "would burden the courts and third parties with parallel but separate discovery requests concerning the same and related patents, and similar products." ECF No. 91 at 5. But this issue can be resolved by maintaining both cases in this District. And while the Court acknowledges Samsung's concern that separating these cases will "infuse uncertainty into the judicial process because different courts could produce different claim constructions for the same terms in the same patents," the Court notes that this any possibility of uncertainty is caused by Samsung and Apple alone. Plaintiff Smart Mobile filed these two cases in the same forum, ensuring that the common issues would be resolved by the same court. If Samsung and Apple were concerned that the possibility that these cases would be separated would "infuse uncertainty" into the two cases, Samsung and Apple could have deciding against filing motions to transfer venue.

Because related co-pending litigation is currently pending in this Division, the Court finds that this factor weighs slightly against transfer.

## B.  The Public Interest Factors

### i.    *Administrative Difficulties Flowing from Court Congestion*

This factor concerns "whether there is an appreciable difference in docket congestion between the two forums." *In re Adobe Inc.*, 823 Fed. App'x 929, 932 (Fed. Cir. 2020). It considers

the "[t]he speed with which a case can come to trial and be resolved." *In re Genentech, Inc.*, 566 F.3d at 1347. In this analysis, court congestion is considered "the most speculative" factor, and when "relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all those other factors." *Id.*

Samsung argues that this factor is neutral because while this Court reaches trial more quickly on average, judges in the NDCA have fewer patent cases per judge than in this Division. ECF No. 42 at 12. Smart Mobile argues that this factor disfavors transfer because this Court's time to trial statistics show that it reaches trial more quickly than the NDCA. ECF No. 84 at 13−14.

The Court notes that the Federal Circuit recently concluded that this factor should not weigh against transfer when the plaintiff "is not engaged in product competition in the marketplace and is not threatened in the market in a way that, in other patent cases, might add urgency to case resolution." *In re Google LLC*, 58 F.4th 1379, 1383 (Fed. Cir. 2023). Here, in response to Samsung's Motion to Stay Pending *Inter Partes* Review, Smart Mobile stated that it does not currently sell any products. ECF No. 96 at 2 (explaining that "Smart Mobile has developed some applications for the products [it is testing] and built an e-commerce storefront, which the company *intends* to launch when it has the capability for sales, support and customer service" (emphasis added)). Because Smart Mobile does not currently engage in product competition in the marketplace, the Court believes that this factor is likely neutral under the Federal Circuit's latest guidance.

### ii.    *Local Interest in Having Localized Interests Decided at Home*

Under this factor, the Court must evaluate whether there is a local interest in deciding local issues at home. *Volkswagen II*, 545 F.3d at 317. Local interests in patent cases "are not a fiction." *In re Samsung*, 2 F.4th at 1380. "A local interest is demonstrated by a relevant factual connection between the events and the venue." *Word to Info, Inc. v. Facebook, Inc.*, No. 3:14-CV-04387-K,

2015 WL 13870507, at *4 (N.D. Tex. Jul. 23, 2015). "[T]he sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue." *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009). "This factor most notably regards not merely the parties' significant connections to each forum writ large, but rather the 'significant connections between a particular venue and *the events that gave rise to a suit*.'" *In re Apple*, 979 F.3d at 1344 (emphasis in original) (quoting *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)). Courts should not heavily weigh a party's general contacts with a forum that are untethered from the lawsuit, such as a general presence. *Id.* Moreover, "little or no weight should be accorded to a party's 'recent and ephemeral' presence in the transferor forum, such as by establishing an office in order to claim a presence in the district for purposes of litigation." *In re Juniper Networks, Inc.*, 14 F.4th at 1320 (quoting *In re Microsoft*, 630 F.3d at 1365). To determine which district has the stronger local interest, the Court looks to where the events forming the basis for infringement occurred. *Id.* at 1319.

Samsung argues that this factor favors transfer to the NDCA because this case calls into question the work and reputation of individuals residing in that district. ECF No. 84 at 12. Samsung argues that this case calls into question the work and reputations of the inventors of the asserted patents, Sunil K. Rao and Sanjay K. Rao. *Id.* at 13. Samsung alleges Sunil K. Rao and Sanjay K. Rao reside in the NDCA. *Id.* Further, Samsung argues that Smart Mobile's ephemeral presence in the WDTX is entitled to no weight in the transfer analysis. *Id.* Samsung also argues that this factor favors transfer because SEA has "hundreds of employees in NDCA." *Id.* Samsung claims that it does not have any facilities in this District. *Id.*

In response, Smart Mobile argues that this factor disfavors transfer because Smart Mobile resides in the WDTX. ECF No. 84 at 14−15. Smart Mobile notes that its principal place of business

is in Austin. *Id.* at 15. Smart Mobile also notes that it is registered to do business in Texas. *Id.* And Smart Mobile's members reside in Austin. *Id.* Smart Mobile claims that it conducts operation in the WDTX, "including product development and market research." *Id.*

The Court finds that this factor weighs slightly against transfer. The WDTX has a local interest in this litigation because Plaintiff Smart Mobile resides in this District. Further, the inventors of the asserted patents reside in this District. As discussed above, the Court finds that Smart Mobile's presence in this District is not ephemeral. *See supra* section III(A)(ii). Thus, the Court still considers Smart Mobile's presence in this District within the Court's venue analysis. But the Court does not weigh Smart Mobile's presence in Austin heavily against transfer because Smart Mobile's move was relatively recent. The Court rejects Samsung's argument that this factor favors transfer because SEA has employees in the NDCA. The Federal Circuit has explained that a party's "general contacts with the forum that are untethered to the lawsuit" should not be weighed heavily in the analysis of this factor. *In re Apple*, 979 F.3d at 1345. Samsung has made not effort to tether SEA's general contacts in the NDCA with the facts of this case. But the Court acknowledges that this litigation may call into question the work and reputation of Google employees in the NDCA, including Jennifer Shen, Vasyl Petrushko, and Jaishankar Sundararaman. *See supra* section III(A)(iii). For the foregoing reasons, the Court finds that this factor weighs slightly against transfer.

### iii.     *Familiarity of the Forum with the Law That will Govern the Case*

Samsung and Smart Mobile agree that this factor is neutral; both forums are familiar with the law that will govern this case. ECF No. 42 at 14; ECF No. 84 at 15. The Court agrees.

iv.     ***Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law***

Samsung and Smart Mobile agree that this factor is neutral—there are no potential conflicts here. ECF No. 42 at 14; ECF No. 84 at 15. The Court agrees.

## IV.    CONCLUSION

Having considered the private and public interest factors, the Court finds that four factors are neutral, one favors transfer slightly, and three factors disfavor transfer to the NDCA to varying degrees. A decision to uproot litigation and transfer is not the consequence of a simple math problem. Instead, a moving party must show that the transferee forum is a clearly more convenient forum. Here, the Court finds that Samsung has not met its burden of showing that the NDCA is a clearly more convenient forum. Importantly, the Court finds the willing witness factor, which the Federal Circuit has deemed the "most important factor in transfer analysis," weighs against transfer. *In re Genentech*, 566 F.3d at 1342 (quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 329 (E.D.N.Y. 2006)). The Court's conclusions for each factor are summarized in the following table:

| Factor | The Court's Finding |
|---|---|
| Relative ease of access to sources of proof | Neutral |
| Cost of attendance for willing witnesses | Weighs against transfer |
| Availability of compulsory process to secure the attendance of witnesses | Slightly favors transfer |
| All other practical problems that make trial of a case easy, expeditious and inexpensive | Slightly weighs against transfer |
| Administrative difficulties flowing from court congestion | Neutral |
| Local interest | Slightly weighs against transfer |
| Familiarity of the forum with law that will govern case | Neutral |
| Problems associated with conflict of law | Neutral |

**IT IS THEREFORE ORDERED** that Samsung's Motion to Transfer Venue to the Northern District of California is **DENIED** (ECF No. 42).

**SIGNED** this 14th day of August, 2023.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE